[No. 19672.  Department One.  May 26, 1926.]

ALEK AUGUST, *Respondent,* v. EDWARD H. CRAIG,
*Defendant,* EDWARD A. CRAIG, *Intervener,*
*Appellants.*[1]

[1] APPEAL (426)—REVIEW—HARMLESS ERROR—ERRORS NOT AFFECT-
ING THE RESULT. In an action upon a debt not due, in which an
attachment is sought under Rem. Comp. Stat., § 649, upon the
ground that the defendant was about to dispose of his property,
error in refusing to strike the allegation in the complaint that
the defendant was about to dispose of his property is not preju-
dicial where the action was tried out on the merits to the court.

[2] ATTACHMENT (22)—LIENS—PRIORITIES OVER OTHER LIENS—WHEN
AUTHORIZED — IMMATURE DEBT — COMPLAINT — SUFFICIENCY. A
valid attachment in a case in which the debt is not due takes
precedence over a mortgage subsequent in time to the attach-
ment.

Appeal from a judgment of the superior court for
King county, Smith, J., entered March 28, 1925, upon
findings in favor of the plaintiff, in an action on con-
tract, tried to the court.  Affirmed.

*Horace W. Hall* and *Fred C. Campbell,* for appel-
lants.

*Grinstead, Laube & Laughlin* and *Thomas E. Davis,*
for respondent.

FULLERTON, J.—The respondent, August, sued the
appellant Edward H. Craig upon a promissory note,
suing out at the same time a writ of attachment, which
he caused to be levied upon certain real property be-
longing to Craig.  The note was not due at the time
of the commencement of the action, and the respond-
ent, in addition to setting out the note, alleged in his
complaint, and in his affidavit for the attachment, that
nothing but time was wanting to fix an absolute in-

[1] Reported in 246 Pac. 295.

debtedness, and that the defendant was about to dispose of his property with intent to defraud his creditors, and that he was about to convert his property into money for the purpose of placing it beyond the reach of his creditors. The appellant moved to strike the allegation that he was about to convert his property into money for the purpose of placing it beyond the reach of his creditors and after the overruling of the motion, answered admitting the execution of the note and denying the other allegations of the complaint. Before trial, the appellant Edward A. Craig intervened in the action, setting up a mortgage executed to him covering the attached property, and asking that his mortgage be adjudged and decreed to be a lien on the property superior to the lien of the attachment. The respondent put in issue the allegations of the complaint in intervention, and thereafter a trial was had before the court sitting without a jury on the issues as framed by the pleadings, resulting in a judgment of recovery on the note and an adjudication that the attachment lien was superior to the lien of the intervener's mortgage.

[1] Since the respondent instituted his action prior to the maturity of his note, his right to maintain it rests upon § 649 of the code. (Rem. Comp. Stat.) [P. C. § 7381]. That section provides that an action may be commenced and the property of the debtor attached prior to the time the debt becomes due, when nothing but time is wanting to fix an absolute indebtedness, and when the affidavit for the attachment, in addition to that fact, states that the defendant is about to dispose of his property with intent to defraud his creditors. It does not provide that an action may be commenced and an attachment issued on an indebtedness not due because the defendant is about to convert his property into money for the purpose of placing it

beyond the reach of his creditors, although that fact is made a ground for an attachment in an action brought on an indebtedness due and payable at the time the action is commenced. It was on the ground that the clause was not applicable to an action on an indebtedness not due that the motion to strike the allegation from the complaint was based; and the appellant insists in this court that, because the trial court refused to strike it, he is entitled to a reversal and a new trial. But we are unable to so conclude. Possibly, the motion was well taken when made, but to refuse to grant it was not such an error as to require a reversal. The court allowed the parties the utmost liberality in the introduction of evidence, and if the evidence is sufficient to sustain the judgment on the issues that were properly before the court, it should be affirmed, regardless of the question whether there was, or was not error in this respect. The cause is reviewable in this court *de novo,* and we can sift the material from the immaterial and direct a judgment for the one party or the other as we find the evidence justifies.

The note was due at the time the judgment was entered. No defense was interposed to the debt it represented, and, consequently, no defense to the allegation of the complaint that nothing but time was wanting when the action was commenced to fix an absolute indebtedness. The material contest was, in the court below and is here, over the allegation that the appellant Edward H. Craig was then about to dispose of his property with intent to defraud his creditors. On this question, it is our opinion that the evidence justifies the conclusion of the trial court, and we feel that it is enough to so say without entering upon a review of the evidence.

[2] The appeal of Edward A. Craig depends upon the questions already noticed. His mortgage is sub-

sequent in time to the attachment of the respondent and is subject to the lien of the attachment since we hold the lien valid.

The judgment is affirmed.

TOLMAN, C. J., HOLCOMB, MAIN, and MACKINTOSH, JJ., concur.